Dear Mr. Kirkpatrick:
This opinion is in response to your question asking:
 1. Are all forms or documents submitted for voter registration and voting subject to the $3.00 charge in House Bill No. 148 [80th General Assembly], such charges being, among others, applications for voter registration by mail [§ 115.159], applications for transfer voter registration [§ 115.165], registering to vote at the county election office [§ 115.135], applications for absentee ballots [§ 115.279], the act of voting absentee ballots at the county clerk's office [§ 115.135]?
 2. Are all forms or documents necessary to file a candidacy for office or forms for establishing new parties or gaining ballot status by independent candidates subject to the $3.00 charge found in House Bill No. 148, including declarations of candidacy [§ 115.331], and petitions for independent candidates for ballot status [§ 115.331]?
House Bill No. 148 of the First Regular Session of the 80th General Assembly, among other things, repealed § 51.410, RSMo, and enacted in lieu thereof a new section, with the same number, effective September 28, 1979, providing as follows:
 The county clerk shall charge a fee of three dollars for each certificate, bond, filing, petition, license, order, recording, or other document, writing, or transaction handled in accordance with the duties of the office of county clerk. The clerk shall pay into the treasury of the county any and all fees collected under the provisions of this section.
Repealed section 51.410 specified over fifty instances in which county clerks were allowed fees for their services.
We note, however, that none of the specific items provided for in repealed § 51.410 authorized a charge for any of the services enumerated in your question, with the possible exception of the charge for oaths and certificates to affidavits. It is our understanding of past practice that none of such services relative to elections were considered services for which a fee was authorized under repealed § 51.410.
It is also our understanding that Chapter 115, RSMo, the Comprehensive Election Act of 1977, purports to comprehensively cover laws relative to elections and election procedures.
In our statement of your question, we have placed the sections of the Comprehensive Election Law relative to your question in brackets. It is important to note that the Comprehensive Election Act of 1977, section 115.007, RSMo, provides:
 No part of sections 115.001 to 115.641
and sections 51.450 and 51.460, RSMo, shall be construed as impliedly amended or repealed by subsequent legislation if such construction can be reasonably avoided.
In a note to § 115.007, the Missouri Revisor of Statutes has said that §§ 51.450 and 51.460 were added late in passage and were probably not intended to be considered a part of "this act" within the language of House Bill No. 101, as enacted in 1977, effective January 1, 1978.
If in fact we were to conclude that the county clerk is to charge for the election services which you enumerate, numerous constitutional issues would be raised. And, clearly inequities would exist because in some areas, under the Comprehensive Election Act of 1977, the county clerk does not perform all of the services you describe. However, in view of the conclusion that we reach we do not deem it necessary to consider the constitutional questions that might be raised by a holding that the clerks collect for such services.
It is our view that § 51.410, as amended by House Bill No. 148, does not require or authorize the charging of the $3.00 fee for the services you describe. Inasmuch as the voting procedures you enumerate are comprehensively covered under Chapter 115, it is our view that if the legislature amended a charge for such services, such intent would have been clearly expressed. We do not believe that the provisions of Chapter 115 with respect to such voting procedures can be impliedly amended by such amendments to § 51.410 without conflicting with the provisions of § 115.007.
CONCLUSION
It is the opinion of this office that House Bill No. 148 of the 80th General Assembly, which authorizes a $3.00 charge by the county clerk for various services performed by him, does not authorize the clerk's charging for certain election procedures.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General